UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA S., | |
|               Plaintiff, | Case No. C24-5231-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
|               Defendant. | |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating her testimony, resulting in an erroneous residual functional capacity ("RFC") assessment. (Dkt. # 7.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1963, has a college degree, and previously worked as a customer service representative and card room manager. AR at 28, 44. Concerning the relevant period, Plaintiff was last gainfully employed in June 2019. *Id.* at 40.

In April 2020, Plaintiff applied for benefits, alleging disability as of January 2019. AR at 203-04. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 198-99. After the ALJ conducted a hearing in January 2023, during which Plaintiff requested a closed application period from the amended onset date of June 23, 2019, through December 14, 2021,[2] the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-29, 44.

Using the five-step disability evaluation process,[3] the ALJ found, in pertinent part, Plaintiff has the severe impairments of bilateral hearing loss and migraine headaches, and the RFC to perform medium work with some limitations: she can occasionally climb ladders, ropes, and scaffolds; and have occasional exposure to extreme temperatures, humidity, bright lights, and loud noises. AR at 20, 23.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

---

[2] In December 2021, Plaintiff returned to work as a card dealer in a casino. AR at 19, 73-74, 221.
[3] 20 C.F.R. § 404.1520.

ORDER - 2

general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ found Plaintiff's testimony unpersuasive, citing inconsistencies with the record. AR at 23-27. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, an ALJ is not required to believe every claim, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), nor to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the

ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues that the ALJ erred by making non-specific, conclusory findings and failing to identify evidence that contradicted her testimony. (Dkt. # 7 at 4-8.) This argument lacks merit. The Ninth Circuit has consistently held that when objective medical evidence contradicts a claimant's testimony, the ALJ may weigh that evidence against the claimant's statements. *See, e.g.*, *Smartt*, 53 F.4th at 498; *Chaudhry v. Astrue*, 688 F.3d 661, 672-73 (9th Cir. 2012); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Thomas*, 278 F.3d at 959; *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001). Contrary to Plaintiff's claims of tinnitus and migraines, the ALJ cited records showing intact hearing, good word recognition, and generally normal imaging results. AR at 23-27 (citing *id.* at 331-32, 346-48, 391-97, 406-08, 465-66, 470-71). Although Plaintiff offers a more favorable interpretation of the evidence, this does not establish harmful error. *Molina*, 674 F.3d at 1111 (burden of showing harmful error rests with the party attacking the agency's decision); *Thomas*, 278 F.3d at 954 (the court's role is not to reevaluate the evidence).

Plaintiff also contends that the ALJ erred by relying on evidence of improvement and conservative treatment to conclude that she could function in a workplace. (Dkt. # 7 at 11-12.) However, the ALJ did not make such a conclusion. Rather, the ALJ found that Plaintiff's treatment history was inconsistent with the severity of her claimed impairments. AR at 23-27. The Ninth Circuit has recognized that inconsistent medical evidence, improvement with treatment, and minimal treatment are valid reasons to discount claims of disabling limitations. *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); 20 CFR § 404.1529(c)(3). Here, the ALJ

noted that Plaintiff did not follow recommendations to see an ear, nose, and throat specialist, experienced improvement with rest and cutting out caffeine, and managed her migraines with medication like Ibuprofen and marijuana. AR at 23-27 (citing *id.* at 51-75, 231-32, 331-32, 346-48). Plaintiff's argument is consistent with the ALJ's conclusion and fails to demonstrate error in the ALJ's reasoning. *Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954.

Finally, Plaintiff argues that her daily activities do not reflect an ability to work on a sustained basis and do not conflict with her reported limitations. (Dkt. # 7 at 8-11.) The ALJ observed that Plaintiff engaged in activities such as walking on the beach, shopping in stores, preparing meals, maintaining her home, managing personal care, running errands, organizing garage sales, driving alone from Washington to Nevada, and spending two weeks traveling in Missouri. AR at 23-27 (citing *id.* at 64-70, 251-58). The ALJ reasonably found these activities inconsistent with Plaintiff's claims of being incapacitated for periods ranging from four to fourteen days due to tinnitus and migraines. *Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022) (ALJ may rely on discrepancies between daily activities and testimony to discount symptom claims). While Plaintiff offers an alternative view of the record, this does not challenge the ALJ's specific findings or establish error. Even if the evidence could be interpreted differently, the ALJ's interpretation was reasonable and must be upheld. *See Molina*, 674 F.3d at 1112-13 (even if activities suggest some functional difficulties, they may still be grounds for rejecting claims about a totally debilitating impairment); *Burch*, 400 F.3d at 679.

In sum, the ALJ provided clear and convincing reasons for finding Plaintiff's testimony inconsistent with the overall record. The ALJ's findings were rational and supported by substantial evidence. Plaintiff's arguments fail to show any harmful error in the ALJ's reasoning.

Even assuming the evidence has more than one reasonable interpretation, the Court is required to uphold the ALJ's decision. *Thomas*, 278 F.3d at 954.

### B. The ALJ Did Not Err in Evaluating Plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is deficient because it fails to incorporate all of the limitations she testified to. (Dkt. # 7 at 12-16.) This argument does not establish error because the ALJ properly evaluated the evidence, as previously discussed. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 4th day of September, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge